**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Gonzalo Pineda Olague,<br>Petitioner<br>-vs-<br>David R. Rivas,<br>Respondent. | CV-26-7001-PHX-JFM<br><br>**ORDER** |

Under consideration is Petitioner's Motion to Enforce Order filed November 6, 2026 (Doc. 13).

**Background** – On October 29, 2026, the Court granted (Doc. 11) Petitioner's Petition for Writ of Habeas Corpus. The Court concluded that due process precluded enforcement of the portion of 8 U.S.C. § 1226(c) to be based solely upon an arrest for a crime. The Court directed that within seven days Petitioner be given a bond determination hearing or released. The Court further directed:

> In such bond hearing, notwithstanding 8 U.S.C. § 1226(c), an ARREST OF PETITIONER may not be relied upon to deny bond absent the government's provision of probative and specific evidence to permit the immigration judge to conclude there is probable cause to believe Petitioner committed the charged offense.

(Order 10/29/26, Doc. 11 at 5.)

On October 30, 2026 Petitioner was scheduled for a bond hearing on November 4, 2026. On that date, the immigration court sua sponte continued the hearing to the next day at 9:00 a.m. On November 5th the immigration court sua sponte continued the hearing from 9:00 a.m. to 11:30 a.m., then to 1:00 p.m., and finally to 4:30 p.m.

The bond hearing was conducted at 4:30 p.m. on November 5, 2026 (within the seven day deadline). Petitioner was ordered detained, with the Immigration Judge reasoning:

> As set forth in Exhibit 4, Respondent is pending charges of RETAIL THEFT VALUE < $500 - Class B Misdemeanor in the Second Judicial District, Layton District Court in Davis County, Utah. The Laken Riley Act, Public Law No: 119-1 (01/29/2025) requires the Department of Homeland Security (DHS) to detain certain non-U.S. nationals (aliens under federal law) who have been arrested for burglary, theft, larceny, shoplifting, assault of a law enforcement officer, or any crime that results in death or serious bodily injury to another person. This Act was not addressed by the Magistrate who issued and order commanding a hearing pursuant to a habeas order in CV-26-7001-26-PHX-JFM. Respondent is therefore ordered DETAINED pursuant to the Laken-Riley Act.

(Response, Exh. A, Doc. 15-1 at 4.)

**Briefs** – On November 6, 2026, Petitioner filed his Motion to Enforce (Doc. 13). Petitioner argues that the Immigration Judge acted in direct contravention of the Court's Order precluding reliance on a mere arrest, and there was no probative and specific evidence of Petitioner's commission of the offense. Petitioner further argues that the four continuances of the hearing rendered the October 30, 2026 notice ineffective.

Respondents' Response (Doc. 15) presume any continuances were to provide Petitioner additional time to prepare, and argue that Petitioner's motion was premature because the IJ's written order "identified the specific evidence establishing Petitioner was arrested for the underlying offense." (*Id.* at 2.) Respondents assert Petitioner should, at most, have another hearing.

Petitioner replies (Doc. 16) that Respondents fail to establish compliance with the Court's Order. Petitioner argues he requested no continuances and needed none since the Government carried the burden of proof.

**Continuances** – Absent some showing of prejudice from the IJ's sua sponte continuances (e.g. Petitioner's resulting loss of access to evidence or counsel he had available at the original time), the Court finds no violation of the order from the continuances. Courts of all stripes seldom run with the punctuality of an Austrian train. Hearings take longer, judges need more time to review a record or attend to emergent matters, counsel or parties are delayed.

**Reliance on Arrest** - The IJ's and Respondents' reasoning is in direct and explicit

contravention of the reasoning and mandate of the Court's Order. The Court's reasoning was that due process did not permit detention of an alien based solely on an arrest. The Cour Ordered:

> an ARREST OF PETITIONER may not be relied upon to deny bond absent the government's provision of probative and specific evidence to permit the immigration judge to conclude there is probable cause to believe Petitioner committed the charged offense.

This Court did reference § 1226(c), but only to make brutally clear that the Court was aware of Congress's efforts to authorize such detention.

Moreover, the IJ's attempt to evade that direction by citing the Laken Riley Act, Pub. L. 119-1 (1/29/25) is troubling. That Act's only reference to "arrest" was in the portion of Section 2 of the Act, which was explicitly amending 8 U.S.C. § 1226(c). That is the exact statute cited by the Court. Further, the "Credits" to the current version of § 1226(c) explicitly reference § 2 of Pub. L. 119-1. It is telling that Respondents do not make any effort to justify the IJ's citation legerdemain.

Even if this Court presumes the IJ honestly viewed § 1226(c) and the Laken Riley Act as somehow distinguishable, the IJ does not sit as an appeals court, free to disregard the plain mandate of this Court by relying on some other authority.

Finally, while Respondents refer to the records before the IJ, none of those provide any evidence to support a finding probable cause by the IJ. Nor do they provide "probative and specific evidence" that would allow the IJ to conclude Petitioner had committed an offense. Respondents cite the records of Petitioner's arrest. (*See* Doc. 13 at 22.) But these present no facts, only "charges."

The IJ did what this Court said not to do. Another chance is not justified. Petitioner has now been detained for seven days longer than permitted under the Court's Order.

**IT IS THEREFORE ORDERED:**

(A) Petitioner's Motion to Enforce Order (Doc. 13) is **GRANTED**.

(B) Respondents must **IMMEDIATELY RELEASE** Petitioner, on the same conditions that existed before Petitioner's detention.

(C) Respondents must file a **NOTICE OF COMPLIANCE** by Friday, November 13, 2026 at 2:00 p.m. Moutain Standard Time. Such Notice must include the particulars of the release (time, conditions of release/supervision, etc.).

(D) Absent a significant change in circumstances, Respondents may not re-detain Petitioner without at least three days prior written notice and a pre-deprivation hearing before a neutral arbiter.

Dated: November 12, 2026

26-7001-013o Order 26 11 12 on Motion to Enforce Order.docx

James F. Metcalf
United States Magistrate Judge